COPY

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California

OCT 06 2015

Sherri R. Carter, Executive Officer/Clerk
By: Kristina Vargas, Deputy

BY FAX

Todd M. Friedman (216752)
Suren N. Weerasuriya (278521)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
sweerasuriya@toddflaw.com
abacon@toddflaw.com
Attorney for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
## LIMITED JURISDICTION

| | |
|---|---|
| DAVE ALAN, <br><br> Plaintiff, <br><br> -vs- <br><br> MIDLAND CREDIT MANAGEMENT, INC., <br><br> Defendants. | CASE NO.: **15K12411** <br><br> COMPLAINT <br><br> 1. Violation of Rosenthal Fair Debt Collection Practices Act <br> 2. Violation of the federal Fair Debt Collection Practices Act <br> 3. Violation of California Consumer Credit Reporting Agencies Act <br><br> (Amount Not to Exceed $10,000) |

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; and for Defendant's violations of the California Consumer Credit Reporting Agencies

1

Act, Cal Civ Code §1785.1, *et seq*, (hereinafter "CCRAA"), which regulates the collection, dissemination, and use of consumer information, including consumer credit information.

## II. PARTIES

2. Plaintiff, Dave Alan ("Plaintiff"), is a natural person residing in LOS ANGELES County in the state of California, and is a "debtor" as defined by Cal Civ Code §1788.2(h) and a "consumer" as defined by 15 U.S.C. §1681a(c), 15 U.S.C. §1692a(3) and Cal Civ Code §1785.3(b).

3. At all relevant times herein, Defendant, Midland Credit Management, Inc. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5) and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore are "debt collectors" as defined by the RFDCPA, Cal Civ Code §1788.2(c) and 15 U.S.C. §1692a(6). Further, Defendant regularly provides information to consumer reporting agencies and are therefore an "information furnishers" as defined by the FCRA and a are "persons" as defined by Cal Civ Code §1785.3(j).

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's credit report. Defendant alleges that Plaintiff still owes a past due balance. However, Plaintiff is informed, upon valid information and belief, that Plaintiff no longer owes the debt. The underlying debt was paid in full by Plaintiff. Defendant has been charging Plaintiff about an extra three hundred dollars ($300) that Plaintiff does not owe.

5. Plaintiff informed Defendant both that the debt was disputed and that the debt had already been paid in full. Despite being put on notice of Plaintiff's dispute, Defendant still

2

reported derogatory information on Plaintiff's credit report. Defendant refused to correct the error.

6. Furthermore, Defendant has been increasing the amount that Plaintiff allegedly owes and is attempting to collect from Plaintiff an amount that far exceeds what was originally owed.

7. Defendant called Plaintiff on Plaintiff's cellular telephone number ending in -0592.

8. Defendant placed a barrage of calls to Plaintiff, calling Plaintiff multiple times per day. Defendant placed calls to Plaintiff with enough regularity and frequency to constitute harassment under the circumstances.

9. On July 15, 2015, Plaintiff's counsel sent a notice of representation to Defendant. Defendant has failed to respond to said notice at this time.

10. Defendants conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

    a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

    b) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

    c) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

    d) Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1));

    e) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8));

    f) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10));

3

g) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

h) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§ 1692c(a)(1));

i) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

j) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)); and

k) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d)).

11. Further, Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

12. Defendant is aware that the credit reporting agencies to which it is providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

13. As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased.

14. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

15. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

4

16. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and
   b. Decreased credit score which may result in inability to obtain credit on future attempts.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

19. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,
   b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

20. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

21. Further, Defendant failed to notify Plaintiff of its intention to report negative information on their credit reports. Defendants then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

22. As a result of the above violations of the RFDCPA, FDCPA, and CCRAA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff reincorporates by reference all of the preceding paragraphs.

24. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff reincorporates by reference all of the preceding paragraphs.

26. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

29. Plaintiff incorporates by reference all of the proceeding paragraphs.

30. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

31. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

32. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

33. Defendant negligently and willfully furnished information to the credit reporting agencies they knew or should have known was inaccurate.

34. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages;

(b) Statutory damages;

(c) Costs and reasonable attorney's fees;

(d) For such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 5th day of October, 2015

By: ______________________

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff